UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRADLEY S. SHELTON, )
)
Petitioner, )
)
v. ) No. 2:16-cv-259-JMS-DKL
)
UNITED STATES OF AMERICA, )
)
Respondent. )

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

The petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255 arguing that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence was unconstitutionally enhanced and he must be resentenced. For the reasons stated below, the motion for relief is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts.*

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Section 2255 permits a federal court to grant relief "if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

Pursuant to 28 U.S.C. § 2244(b)(3), the Seventh Circuit authorized this Court to consider the petitioner's claim that his sentence is unconstitutional under *Johnson* which held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. The petitioner was sentenced as a career offender under United States Sentencing Guideline § 4B1.2(a)(2) and argues that because the residual clause of the ACCA is unconstitutionally vague, it follows that the identical residual clause in the career offender provision of the Sentencing Guidelines is also unconstitutionally vague. The United States Supreme Court, however, held otherwise in *Beckles v. United States,* 137 S. Ct. 886 (2017), concluding that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. In other words, the holding of *Johnson* does *not* apply to cases, like the petitioner's, challenging guideline calculations.

The petitioner, who had appointed counsel who has since withdrawn, was notified of this conclusion in the Entry of April 12, 2017, and directed to show cause why this action should not be dismissed as lacking merit under *Beckles*. The petitioner has failed to respond and the Court now **dismisses** this action pursuant to Rule 4 because the holding in *Beckles* forecloses the petitioner's challenge to the enhancement of his sentence under the Sentencing Guidelines.

Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 2:10-cr-00007-JMS-CMM-5.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the

denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

      **IT IS SO ORDERED.**

Date: 5/26/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BRADLEY S. SHELTON
09489-028
BEAUMONT - USP
BEAUMONT U.S. PENITENTIARY
Inmate Mail/Parcels
P. O. BOX 26030
BEAUMONT, TX 77720

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov